

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN.
~~WILLIXXXILLXXXX~~
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Attention:  Franchise Tax Division

Opinion No. O-1545
Re:  Franchise taxes of corporations--
Corporations in process of actual
liquidation-R. C. S., Article
7097.

Your letter of October 3, 1939, requesting this department for a legal opinion has been referred to the writer for attention.

Your letter and the accompanying inquiries are as follows:

"We have several hundred corporations in Texas paying franchise taxes into this department and perhaps we have at this time approximately one hundred who claim to be in process of liquidation.  Quite a number of these who claim to be in liquidation filed their affidavit with this department and contended that this fact exempted them from the payment of any franchise tax under the terms and provisions of Article 7097 R.C.S., of Texas.

"Some of these corporations who claim to be in process of liquidation have several thousand dollars in surplus and undivided profits and merely take this surplus and undivided profit and purchase a portion or all of the outstanding capital stock.  This is done without regard to their notes, bonds and debentures outstanding, whether due and unpaid or not, and in some instances without regard to their creditors.  Of course, this procedure eliminates their capital  stock, surplus and undivided profits, thereby depriving the State of Texas of franchise taxes.

"It is also true that a number of these corporations claiming to be in a process of liquidation calculated their franchise taxes upon the difference between the amount of stock actually issued and the amount of liquidating dividends actually paid, thereby avoiding any consideration by this department of their notes, bonds and

"There seems to be no cases in Texas construing the terms and provisions of Article 7097, R. C. S. of Texas, and it also seems that heretofore the franchise tax department has been somewhat confused in attempting to construe this statute and has had no definite or fixed policy under such statute, therefore, we solicit your interpretation and construction of this statute in answer to the following questions:

"(1) Does the phrase 'actually in process of liquidation' as used in Article 7097 mean, for franchise tax purposes, the actual return to the stockholders of their original investment?

"(2) Is it not true that a corporation cannot be in an actual process of liquidation under Article 7097 until all creditors claims are satisfied, and until all remaining undivided profits or surplus is distributed in the form of ordinary dividends?

"(3) Is not a liquidating dividend an actual return of the stockholders original investment which is the last possible transaction in connection with the winding up of the affairs of a corporation?

"(4) Is a corporation who has paid liquidating dividends equal to the amount of its outstanding capital stock exempted thereafter from the payment of franchise tax?

"(5) Does Article 1389, R.C.S. of Texas limit the existence of the corporation to three years from the beginning date of bona fide liquidation?

"(6) Can a corporation hold its existence while in a bona fide liquidation without the payment of any franchise tax for the period of time set forth in its charter?"

You do not state a concrete case for an opinion but rather you ask for a general construction of Article 7097 of the statutes, especially in view of the accompanying above-quoted questions; so that, our answer must, in the nature of things, be correspondingly general. It may or it may not, therefore, answer the inquiries in such a way as to aid you in handling the specific cases you may have in mind.

You will see from the statutes it refers to corporations actually in process of liquidation. It therefore contemplates a factual liquidation, whether the same be a statutory liquidation or not. In other words, the actual liquidation, contemplated by the statutes, may be a voluntary liquidation. Every corporation has a right, unless precluded by some

rule of law, to quit business and wind up its affairs.  In some instances, for illustration, banks and building and loan associations organized under our laws, the statutes specifically authorize a voluntary liquidation, and provide for suitable supervision.

The franchise tax being a creature of statute, the imposition, the amount, the enforcement, the remission, the control or regulation whatsoever must be determined from the provisions of the statute imposing the levy.

With these general observations in mind, we beg to answer your questions in the order above listed as follows, to-wit:

1.  No.  A corporation may be, and is, in actual process of liquidation within the meaning of Article 7097, when it has in good faith begun such liquidation for the purpose of winding up its affairs and surrendering or having cancelled its charter franchise.  Such process of liquidation continues until the debts of the corporation are paid and its affairs are liquidated and its corporate existence legally terminated.

2.  No.  As shown in our answer to question No. 1, the process of liquidation does not begin, but ends upon the contingency named by you - there is nothing more lacking but the final legal termination of the corporate existence.

3.  No.  Whether the return of the original investment of the stockholders be in full or in part only, it is yet the last corporate act of liquidation, for such distribution to stockholders cannot be made until creditors have been paid in full.

4.  Yes.  The Statute contemplates that a corporation in the actual process of liquidation is liable for a franchise tax during the time it is thus liquidating, only for the tax computed on the basis therein stated—"the difference between the amount of the stock actually issued and the amount of liquidating dividends actually paid upon such stock."  If the result in a given case is unjust, the fault is with the Legislature and not the executive department of the State.  The Franchise tax is the government price for doing business -- not for quitting business.

5.  No.  The three years extension permitted by Article 1389 of the statutes begins with the corporation's dissolution - not with its process of liquidation.  This Article is complementary to Article 1388, and is a matter of statutory grace to permit a just and complete liquidation of the corporation's affairs and distribution of its assets.

6.  Yes.  Neither insolvency nor actual liquidation of a corporation dissolves the corporation.  It continues to exist as a legal entity until a legal dissolution and forfeiture of the corporate charter.  This does not necessarily mean a judicial forfeiture, but it does mean a forfeiture authorized by law.  Of course, the corporate existence ceases

at the end of the  period for which it was organized. It expires by
its own terms.

There is no period of time prescribed by law within which a
corporate liquidation must be completed. Under Article 7097, there-
fore, a corporation might possibly maintain its corporate existence
indefinitely -- to the end of its charter life -- without the payment
of a franchise tax.

It is possible that some of the corporations certifying their
being in actual liquidation have taken advantage of this statute to
seek an exemption they would not otherwise be entitled to. If any
such case arises, we suggest that the individual case be related to
this department for such action as might be appropriate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  s/Ocie Speer
Ocie Speer
Assistant

OS:MR:wo

APPROVED DEC. 19, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By BWB Chairman